JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA HENDERSON, JEFFREY HENDERSON, <br><br> Petitioners, <br><br> v. <br><br> XAVIER BECERRA, <br><br> Respondent. | Case No. CV 21-3004-PA (JEM) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On April 5, 2021, Erica Henderson and Jeffrey Henderson ("Petitioners"), proceeding pro se, filed a petition for writ of habeas corpus ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

Petitioners are challenging the decision of the Family Court Division of the Los Angeles County Superior Court in case number CK57697 terminating their parental rights. (Pet. at 2.) Petitioners claim, inter alia, that they were denied their rights to counsel, adequate notice and opportunity to be heard, disclosure of evidence, and access to the court. (Id. at 2-3, 5-6.) There is no indication that Petitioners were taken into custody or that their physical liberty was restrained as a result of the judgment at issue.

**PETITIONER'S CLAIMS**

Petitioners assert the following claims:

1. Petitioners' Sixth and Fourteenth Amendment rights were violated when the trial court proceeded ex parte, Petitioners were not given adequate notice of the hearing, Petitioners and the children did not have counsel appointed to represent them, and the findings and orders were not made by a judicial officer. (Pet. at 5.)

2. Petitioners' Fifth and Fourteenth Amendment rights were violated when the children were removed from their home and Petitioners were later ordered removed from the courtroom. (Pet. at 5-6.)

3. Petitioners' Fifth and Fourteenth Amendment rights were violated when the trial court ordered Petitioners removed from the courtroom. (Pet. at 6.)

4. Petitioners' Sixth and Fourteenth Amendment rights were violated when the trial court ordered representation for Petitioners. (Pet. at 6.)

5. Petitioners' Sixth and Fourteenth Amendment rights were violated when the trial court denied them the right to investigate the allegations against them. (Pet. at 6.)

**DISCUSSION**

**I.   DUTY TO SCREEN**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition should be summarily dismissed.

**II.   THE PETITION SHOULD BE DISMISSED**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty" and limit it

to "cases of special urgency[.]" Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, 411 U.S. 345, 351 (1973). This requirement is jurisdictional. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

While the habeas petitioner must be "in custody" at the time of petition, the meaning of this term under § 2254 is not limited to physical confinement. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner on parole, for example, is still considered in custody for purposes of invoking habeas jurisdiction. Id. at 491. Additionally, the restraint need not result from a criminal conviction; civil court orders can render an individual in custody. Duncan v. Walker, 533 U.S. 167, 176 (2001). The key issue is "whether the legal disability in question somehow limits the putative habeas petitioner's movement." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).

Here, Petitioners allege that their parental rights were terminated and that the state court proceedings were improper. (Pet. at 2-3, 5-6.) These are not the types of significant restraints on physical liberty necessary to render them "in custody" for purposes of federal habeas jurisdiction. See, e.g., Williamson, 151 F.3d at 1183-85 (sex offender registration statute does not place petitioner in custody because it does not place a "significant restraint . . . on physical liberty" by restricting the registrant's freedom to move about); Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975) (firearm restriction does not place petitioner "in custody" because it is "neither severe nor immediate" restraint on liberty) (quoting Hensley, 411 U.S. at 351); Austin v. California, 2020 WL 4039203, at *2 (N.D. Cal. Jul. 17, 2020) (firearm and contact restrictions imposed by restraining order do not render petitioner "in custody" under habeas statute); Rouse v. Chen, 2002 WL 826835, at *1 (N.D. Cal. Apr. 19, 2002) (firearm restrictions imposed by restraining order are not significant restraints on petitioner's physical liberty); cf. Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993) (mandatory attendance at alcohol rehabilitation program satisfies custody requirement because it requires petitioner's "physical presence at a particular place"). The judgment terminating their parental rights does not sufficiently constrain their physical liberty and, therefore, they are not "in custody pursuant to the

judgment of a State court" as required by 28 U.S.C. § 2254(a). The Court is without subject matter jurisdiction to entertain the Petition and it should be dismissed with prejudice.[1]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

## ORDER

IT IS HEREBY ORDERED that: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: April 13, 2021

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Petition were cognizable on federal habeas review, Petitioners could not obtain relief because it is clear from the face of the Petition that they have not exhausted state remedies. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982).